The opinion of the court was delivered by
McEnery, J.
In 1881 the plaintiff employed the defendant to tear down an old building and erect a new one, on the premises Nos. 472 and 474 Gamp street, in the city of New Orleans. There were several written contracts entered into between the parties. The house was constructed by the defendant. There was a disagreement between [the parties as to the value of the work, its character and price. The plaintiff, alleging he had overpaid the defendant, brought suit against him for the amount which he alleges he paid the defendant in excess of the value of the work, including cost of materials, etc. The plaintiff abandoned the written contracts between him and the defendant.
The nature of the suit may be determined by the prayer of’his petition, which is as follows:
*633 * * * “ That after due proceedings had, the determination of the fair and just price and compensation• due to said defendant Dreyfous for the materials, labor, services and commissions as set forth in this petition; that petitioner have judgment for the sum paid by him to said Dreyfous in excess of the fair and just price of said materials, services ■and commissions. ”
The defendant answered, denying plaintiff’s demand, and also prayed for a valuation of work and materials furnished, with 10 per •cent, for builders’ commission. He reconvened and prayed for a judgment of $3800 against the plaintiff for balance due him.
There was judgment for the defendant for the sum of $3353.24. The plaintiff appealed.
There were many experts employed to examine the building in order to estimate the cost of tearing down the old building and erecting the new one. Among the number were three who were engaged several weeks in making a detailed and careful estimate of the value pf the workmanship done by the defendant, the cost of material furnished by him, and the cost of removing the old building. ,
These architects ,and builders were selected by both parties to this litigation when it was proposed to arbitrate their differences.
John K. Collins was selected by the plaintiff. His estimate of the entire cost of the tearing down of the old building and the work, material and labor employed in the new building, with the commission added, was $13,672.17.
We deem it just to accept this estimate, being the lowest.
In the opinion in Yillalabos vs. Mooney, 2 L. 333, the Supreme Court used language very appropriate to the present controversy, as follows:
“The witnesses who were examined in this case, most of them architects and undertakers by profession, differ materially in their estimates of the value of material furnished and labor performed by the defendant. It is the interest of such men to value services which they are in the habit of performing at the highest possible rate; and there is sometimes an esprit de corps prevailing among them formidable to the interests of proprietors when any collision occurs between the latter and one of their body. Taking these circumstances into view, the truth will in most cases be most probably found in the lowest estimate made by any one of them, when called *634 on to value services’rendered by men of their art; considered, all of character equally unexceptionable and uninfluenced by circumstances having a peculiar tendency to operate more on one than another of them.”
The principle here announced was affirmed in Suc. Duclos, 11 An. 406, and Collins vs. Graves, 13 An. 96.
The amount stipulated in a contract that expired may be correctly used as a means to ascertain the just value of the work performed; but ought not to be considered in exclusion of all other testimony. 2 L. 333.
But in the instant c.ase the departure from the original plans and estimates, which is recognized by plaintiff and defendant, was to such an extent that little information can be obtained from the written contracts as to the value of the materials furnished and the work performed by the defendant.
We will therefore follow the course pointed out by both parties and estimate upon a quantum meruit and adopt the estimate of Collins, which was for the sum of $13,672.17. To this must be added the sum of $275 for mason work, which was admitted by plaintiff and not estimated, and $820 difference in favor of defendant on the pavement contract.
We are of the opinion that the judgment of the lower court does substantial justice between the parties.
Judgment affirmed.